PENNSYLVANIA STEEL CO. et al. v. NEW YORK CITY RY. CO. et al.

(Circuit Court of Appeals, Second Circuit. July 18, 1912.)

No. 239.

STREET RAILROADS (§ 55*)—RIGHTS OF PURCHASER AT FORECLOSURE SALE—APPORTIONMENT OF CHARGES BETWEEN PURCHASER AND RECEIVERS.

　　Various fixed charges due from the mortgagor of a street railroad system at stated periods, such as taxes, rents, and interest on bonds payable by the terms of leases, which became payable after the property, which had been operated by receivers, had been sold in foreclosure proceedings and turned over to the purchaser, *held* not apportionable as to time between purchaser and receivers, so as to require payment by the receivers of the part accruing before the property was turned over; the purchaser taking subject to such as were liens, and certain others being, under the terms of the decree, payable from the proceeds of the sale.

　　[Ed. Note.—For other cases, see Street Railroads, Cent. Dig. § 134; Dec. Dig. § 55.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from the District Court of the United States for the Southern District of New York.

Suit in equity by the Pennsylvania Steel Company and another against the New York City Railway Company and others. From an order of the District Court (195 Fed. 614), the receivers of the Metropolitan Street Railway Company and the New York Railways Company appeal. Modified and affirmed.

See, also, 198 Fed. 783.

Richard R. Rogers (Albert J. Kenyon, of counsel), for appellant New York Rys. Co.

Masten & Nichols (Arthur H. Masten, Ellis W. Leavenworth, and Frederick W. Kobbe, of counsel), for appellant receivers.

Benj. S. Catchings, for tort creditors.

Before COXE, WARD, and NOYES, Circuit Judges.

WARD, Circuit Judge. December 29, 1911, the properties of the Metropolitan Street Railway Company were sold in foreclosure proceedings in the Circuit Court under the company's general and collateral trust mortgage and its refunding mortgage, and the New York Railways Company is the assignee of the purchaser. December 31, 1911, possession was delivered to it. The Railways Company has thus obtained title to the properties formerly owned by the Metropolitan Street Railway Company and is the assignee of the leases of the properties leased to it. There were various sums payable by the Metropolitan Street Railway Company at fixed periods in connection with these properties, such as rent and taxes and interest on bonds, arising out of obligations prior to the mortgages foreclosed. The present dispute is between the receivers of the Metropolitan Street Railway Company and the New York Railways Company in respect to the amount of these liabilities to be paid by the parties respectively. Generally speaking, the receivers contend that the Railways Company must pay them in full; whereas the Railways Company contends that they should be apportioned, the receivers paying so much of them as accrued up to January 1, 1912, when the Railways Company entered into possession.

Such periodical payments are due by the party liable in full at the date fixed and not before. They are, in the absence of agreement, not apportionable in respect to time at common law. 22 Cyc. 1468; Marshall v. Mosely, 21 N. Y. 280; Dexter v. Phillips, 121 Mass. 178, 23 Am. Rep. 261. Section 2720 of the New York Code of Civil Procedure makes them apportionable in favor of parties interested in receiving a share of them; but even then they are collectible in full of the party liable to pay only by the party entitled at common law, who is then accountable to the parties entitled to a pro rata share under the statute. So far as these periodical liabilities are, or become, a lien upon the premises, the purchaser at foreclosure sale takes subject to them, but without personal liability. So far as they are covenants of the Metropolitan Company as lessee, the purchaser is personally bound because of privity of estate with the Metropolitan

Company. The record does not show which liabilities depend upon covenants of the Metropolitan Company as lessee, but that can be made clear in future proceedings.

The items in question are as follows:

(1) Interest on bonds of the Lexington Avenue & Pavonia Ferry Railroad Company.

(2) Interest on bonds of the Columbus & Ninth Avenue Railroad Company.

(3) Interest on bond of Oren Root, Jr., secured by mortgage constituting a first lien on property situated on Thirty-Third and Thirty-Fourth streets, between Park and Lexington avenues, and on Madison avenue between Eighty-Fifth and Eighty-Sixth streets.

(4) Interest on bonds of the South Ferry Railroad Company.

(5) Interest on receivers' certificates issued to replace certificates originally issued in the sum of $3,500,000.

(6) Interest on receivers' certificates issued to raise funds to pay taxes.

(7) Sums stipulated to be paid the city for the privilege of the use of certain streets by the Broadway Surface Railway Company.

(8) Sums stipulated to be paid the city for the use of certain streets by the Houston, West Street & Pavonia Ferry Railroad Company.

(9) State tax of 1 per cent. on gross earnings of the Metropolitan Street Railway Company under section 185 of the Tax Law (Consol. Laws 1909, c. 60) for year ending June 30, 1912, payable August 1, 1912.

(10) Percentage of gross earnings payable to the city under terms of various franchise agreements of the Metropolitan Street Railway Company and its subsidiary companies for the year ending September 30, 1912, payable November 1, 1912. Sections 95 and 112 of the Railroad Law.

(11) State tax on real and personal property, under chapter 862, Laws of 1911, for the year beginning October 1, 1911.

(12) Federal excise taxes under chapter 6, Laws of 1909, payable June 30, 1912, for the year ending June 1, 1912.

Items (1), (2), (3), and (4) constituted liens superior to the liens of the mortgages which were foreclosed, and the court below was clearly right in holding that the purchaser took the premises subject to these liens, and that the receivers were not liable for interest accruing before January 1, 1912. (5) by the express terms of the decree is to be paid out of the proceeds of sale. Article II and article VII read as follows:

"Art. II. * * * Ordered, adjudged, and decreed that the principal and interest of said receivers' certificates and of all others hereafter issued in place and in lieu thereof, except to the extent that such certificates may be paid by the receivers under the order of the court, be in the first instance paid out of the proceeds of sale hereby directed to be made, but with the rights and privileges of claiming exoneration, contribution, or repayment or other equitable relief more specifically conferred by the seventh article hereof."

"VII. That the fund arising from the sale of the properties above directed to be sold be applied as follows, namely: * * * (2) To the payment of the principal and interest of the receivers' certificates hereinbefore specific-

ally described in the second article hereof, except as in said article provided. * * *"

We think the court below was right in holding that the receivers were not liable to pay so much of the interest as accrued prior to January 1, 1912.

(6) is expressly made by the decree a lien upon the premises sold, article VIII providing as follows:

"VIII. That the property hereby directed to be sold shall be sold subject to all taxes and assessments and to the lien of any receivers' certificates that may have been or may be issued for the purpose of extinguishing the lien of any such taxes and assessments, and to liens prior to the aforesaid mortgage to the complainant, existing in favor of any person or persons, corporation or corporations not a party to this cause, except such liens as are herein specifically directed to be paid out of the proceeds of sale, or which are reserved for future adjudication under subdivision 3 of article VII hereof."

We think the court below was right in holding that the receivers are not bound to pay interest accruing before January 1, 1912.

(7) and (8) relate to sums payable to the city by lines leased to the Metropolitan Street Railway Company for the privilege of using streets. The court below treated these as rents and apportioned them. But we think that these payments, even if rents, are not apportionable. They are, in our opinion, taxes, or stipulated payments in the nature of taxes, and should not have been apportioned; and there being nothing to show that they are entitled to a lien, the Railways Company takes the premises free of them. At all events, no question of apportionment arises.

(9) Article VIII, supra, contemplates taxes which are at the time of sale, or which afterwards become, a lien. There is no assumption by the purchaser of taxes owed by the Metropolitan Street Railway Company which are not a lien. It takes the premises "subject to all taxes and assessments"; i. e., which are liens. These taxes are made a lien by section 197 of the Tax Law, and although we have held under the similar federal law (chapter 6, Laws 1909), that they are not payable by receivers, the Court of Appeals of the state of New York has held that a similar tax under section 182 of the New York Tax Law is payable by the receivers and remains a lien upon the premises after sale in foreclosure. New York Terminal Co. v. Gaus, 204 N. Y. 512, 98 N. E. 11. We feel obliged to follow this decision, and to hold that the purchaser took the premises subject to the tax. The receivers are not liable for the amount accruing before January 1, 1912.

(10) There is nothing to show whether there is a lien for this percentage of gross earnings upon the premises. If not, the Railways Company takes free of them. If there is, it takes subject to a lien for the whole amount. There is no apportionment.

(11) The court below ordered the receivers to pay so much of this item as was payable under leases. Chapter 868 of the Laws of 1911 does not confer a lien, and therefore the Railways Company takes the premises free of the tax. There is no apportionment.

The decree is affirmed, except as to items (7), (8), (10), and (11), in respect to which apportionment is denied.