# H. V. GROSCH

## v.

# CENTRAL VANNINA, INC.

San Juan, Equity, No. 945.

ON JURISDICTION AND DISMISSAL.

Practice—Motion as to Jurisdiction.
>    1. It is never too late to raise the question of jurisdiction, but
>    when once raised and decided the court will not usually entertain it
>    again.

Jurisdictional Defects—Demurrable Defects.
>    2. Jurisdiction relates to the power of the court, the allegations
>    as to the suit, the power over the parties. None of these can be

Grosch v. Central Vannina.

supplied by amendment. The omission of facts or careless stating of facts are matters of demurrer or motion, and can be amended.

Debt—Trial by Jury.

3. Under the 7th Amendment to the Federal Constitution a debt cannot be tried in any form on the equity side of the Federal court.

Equity—Creditors' Bill.

4. The jurisdiction as to creditors' bills is still in a formative stage. It proceeds upon the principle of marshaling the different assets of a trust fund for the benefit of creditors.

Same—Dismissal.

5. The court will grant a motion for dismissal joined by both parties only if the expenses, whether of court or receivership, have been satisfied.

Same—Receivers of Another Court.

6. Where a court in possession by receivers judicially knows that receivers have also been appointed by another court, it will not, upon the dismissal of the case, turn the property over to the defendants, but will await application by the other receivers.

Opinion filed May 27, 1914.

———

*Mr. Francis Neagle* for complainant.

*Messrs. Francis H. Dexter* and *Damian Monserrat, Jr.,* for defendant.

HAMILTON, Judge, delivered the following opinion:

1. This cause comes up upon what is called a motion to dismiss for want of jurisdiction. It has already been argued upon a plea to the jurisdiction, and is brought up anew on the theory that the matter of jurisdiction can always be raised. This is true in one sense. It is never too late to raise the question of

Grosch v. Central Vannina.

jurisdiction, and the court may *ex mero motu* raise the question for itself. But there is a limitation to the number of times one can exercise the right. As this case involves a peculiar state of affairs, the court has entertained this motion; but it is not to be regarded as a precedent. Questions of jurisdiction should be raised at an early stage by a plea or a motion, and thereafter the same question will not be entertained, no matter by whom raised.

2. It is further to be remarked that the questions of jurisdictional and demurrable defects are often confounded. It would seem that such is the case at present. Any defect may lead to the dismissal of a cause, since, if the pleading is defective, the merits cannot be passed upon. But a defect of jurisdiction is a very different thing from a mere defect of allegation. The first is amendable and the second is not.

Jurisdiction is generally said to concern two things,—the subject-matter and the person. Perhaps it would be more correct to say it relates to three things. First, the power of the court itself as declared by law. Second, the allegations of the original pleading, which must show facts bringing the plaintiff within the scope of the powers of the court. And third, there is the right of the court over the parties, particularly over the defendant. These three elements are fundamental, and are therefore called jurisdictional. On the other hand, the omission of a fact which can be supplied, or the careless stating of a fact which can be rectified, are not matters of jurisdiction, but are defects to be raised formerly by demurrer, and now by motion. There is an intermediate class of questions which are raised by a motion to dismiss for want of equity. This comes up when the case is perfect on the face of it, but the powers of the court

.Grosch v. Central Vannina.

cannot be invoked because the facts are cognizable in the first
place by some other court, such as where there is an adequate
remedy at law. This class of defects cannot be called jurisdic-
tional, particularly under the new Equity Rule 22. The juris-
diction is complete, but the party has selected the wrong forum.
This defect, however, can, like a matter of jurisdiction, be
raised at any stage of the proceeding, but also only when not
fully raised before. The court cannot be trying the same ques-
tion over and over again.

3. The matters complained of at present are of this last
character. The defect alleged is that a creditors' bill cannot
be maintained in a Federal court because of the provisions of
the 7th Amendment to the Constitution, which requires a trial
by jury whenever that could be had at common law. The de-
cisions are that a debt cannot in any form be tried in equity,
but must go before a jury. Consequently, a court of equity
cannot at the suit of a creditor permit him to prove his claim
and have a writ against the defendant's property to satisfy it.
This has been remedied by legislation in many states, but only
to a limited extent by the legislation of Porto Rico. Cates v.
Allen, 149 U. S. 451, 37 L. ed. 804, 13 Sup. Ct. Rep. 883,
977.

4. It may very well be, however, that this does not apply to
the case at bar. In the first place it has been shown to this
court by clear evidence that the defendant not only admitted
that it could not pay its debts, but by its proper officers passed
a resolution submitting to a receivership, should any creditor
bring suit for that purpose. The creditor having brought suit
for that purpose, it may well be that the defendant is estopped
from making a defense in this court which it does not seem

Grosch v. Central Vannina.

disposed to make in another court, and at all events the allegations of the bill seem to develop what is called a general creditors' bill, maintainable in the Federal court as well as in any other court. This rests fundamentally upon the necessity for marshaling the assets of a corporation which is at least temporarily insolvent, ascertaining the priorities of the creditors, all of whom must be invited in by the bill, and distributing the assets according to these priorities. The principle is one inherent in all courts of equity and does not need specific legislation. The property of a corporation is a trust fund in the hands of its officers, first, for the payment of creditors and, second, for distribution among the stockholders. The jurisdiction proceeds rather upon the principles of a trust than anything else, and is still in the formative stage. Pennsylvania Steel Co. v. New York City R. Co. 117 C. C. A. 550, 198 Fed. 737, 738.

5. Before the conclusion of the argument, however, it is now announced that the complainant and defendant have settled their differences. The defendant has paid the claim of the complainant, and they unite in asking that the case be dismissed. A dismissal, of course, has to be technically by the court, but the court is never unwilling to have parties adjust their disputes. *Interest reipublicæ ut sit finis litium.* The only proviso to the court's acquiescence is that the expenses which have been incurred by the litigation, whether costs of, court or expenses of receivership, must be satisfied before the decree can be final. The parties profess themselves ready to comply with this reasonable requirement.

6. The court being in possession by its receivers, and knowing judicially that similar claims are in course of administra-

Grosch v. Central Vannina.

tion in the insular district court of San Juan, would not feel justified in turning the property over to the defendant. It is conceivable that there might be some hiatus which would be improper. It will be necessary, therefore, that the Federal receivers, in connection with a dismissal of the case, turn the property over to the receivers of the local court. This will be provided for in the order.

An order will be entered, therefore, that upon filing the receipt of the receivers of the local court in this court, the receivers of this court are authorized to turn over all property of the defendant company which has come to their hands, and that thereupon this suit shall stand dismissed and the bond of the receivers heretofore given shall be discharged.